# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

BENJAMIN LIGERI,

              Plaintiff,

v.

YOUTUBE, INC., *et al.*,

              Defendants.

Case No.: 08 CA 11394 DPW

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER

## I.      INTRODUCTION

Defendants YouTube, LLC ("YouTube") and Google Inc. ("Google") (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss or transfer the complaint ("Complaint") filed by plaintiff Benjamin Ligeri ("Ligeri"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a), respectively.

Ligeri's Complaint should be dismissed or transferred because it was brought in the wrong forum. The Complaint's allegations all arise out of Ligeri's efforts to place videos on YouTube's website, YouTube.com. However, pursuant to the agreement he entered into with YouTube, all claims arising in whole or in part from his use of the YouTube website are to be adjudicated in California pursuant to an exclusive forum provision. Ligeri was specifically informed of the exclusive forum provision in his contract before he filed his lawsuit.

1

Dockets.Justia.com

Nevertheless, he chose to file his lawsuit in this improper forum. Having done so, Ligeri's Complaint should be dismissed or transferred, per the parties' agreement.

## II. BACKGROUND FACTS

### A. The Parties

According to the Complaint, Plaintiff Ligeri, a resident of Rehoboth, Massachusetts, has "created and uploaded over one hundred (100) original and professional videos to YouTube.com." Compl. ¶ 3.7. Ligeri operates several channels on YouTube.com, including his two main accounts, "Bennybaby" and "ProfessorCarlton," which, according to his account web pages, he created on March 21, 2006 and March 7, 2007, respectively. *Id.*, ¶ 1.1(b), 3.8(a).[1]

Defendant YouTube owns and operates the website YouTube.com. *Id.*, ¶ 1.2(a). According to the Complaint, YouTube.com is among the most visited sites on the internet. *Id.*, ¶ 1.2(c). Account holders like Ligeri create and upload videos to YouTube.com, free of charge. *Id.*, ¶ 3.14. Additionally, YouTube operates the YouTube Partner Program, an ad revenue sharing program for certain account holders. *See, e.g., id.*, ¶ 13.4, 13.11.

Defendant Google operates Google.com, a search engine which the Complaint states is "the most popular website on the internet." *Id.*, ¶ 1.4(c). YouTube is alleged to be a wholly owned and controlled subsidiary of Google. *Id.*, ¶ 1.4(a).

### B. YouTube's Terms of Use

In order to create accounts and upload videos, account holders must first agree to YouTube's Terms of Use (the "Agreement" or "Terms of Use"). *See* Kavanaugh Decl., ¶ 3; Ex. B (Agreement) ¶ 1 ("By using and/or visiting this website ... you signify your agreement to (1) these terms and conditions...(2) YouTube's privacy notice... and (3) YouTube's Community

---

[1] Ligeri's account web pages can be found at YouTube's website, www.youtube.com/user/BennyBaby and www.youtube.com/user/ProfessorCarlton. Ligeri cites his accounts in the Complaint. *See* Compl. ¶ 3.8(a). As such, this Court can consider the accounts in adjudicating this motion under Fed.R.Civ.P. 12(b)(6).

Guidelines.").[2]   The Agreement applies to all users and contributors of video content. Kavanaugh Decl., Ex. B at ¶ 2.

The Agreement, which must be accepted at the opening of every YouTube account, provides that "by submitting User Submissions to YouTube, you hereby grant YouTube a worldwide, non-exclusive, royalty-free sublicenseable and transferable license to use, reproduce, distribute, prepare derivative works of, display, and perform the User Submissions in connection with the YouTube Website and YouTube's (and its successors and affiliates') business, including without limitation for promoting and redistributing part or all of the YouTube website (and derivate works thereof), in any media format and through any media channels." Agreement ¶ 6(C).  The Agreement also provides that:

> You agree that: (i) the YouTube Website shall be deemed solely based in California; and (ii) the YouTube Website shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California. These Terms of Service shall be governed by the internal substantive laws of the State of California, without respect to its conflict of laws principles. Any claim or dispute between you and YouTube that arises in whole or in part from the YouTube Website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County, California. These Terms of Service, together with the Privacy Notice at http://www.youtube.com/t/privacy and any other legal notices published by YouTube on the Website, shall constitute the entire agreement between you and YouTube concerning the YouTube Website. If any provision of these Terms of Service is deemed invalid by a court of competent jurisdiction, the invalidity of such provision shall not affect the validity of the remaining provisions of these Terms of Service, which shall remain in full force and effect. No waiver of any term of this these Terms of Service shall be deemed a further or continuing waiver of such term or any other term, and YouTube's failure to assert any right or provision under these Terms of Service shall not constitute a waiver of such right or provision. YouTube reserves the right to amend these Terms of Service at any time and without notice, and it is your responsibility to review these Terms of Service for any changes. Your use of the YouTube Website following any amendment of these Terms of Service will signify your assent to and acceptance of its revised terms. YOU AND YOUTUBE AGREE THAT ANY CAUSE OF ACTION ARISING OUT OF OR RELATED TO THE YOUTUBE WEBSITE MUST COMMENCE WITHIN ONE

---

[2] The Terms of Use can also be found at YouTube's website, www.youtube.com/t/terms.  Ligeri cites the Terms in his complaint. *See* Compl. ¶ 3.21, 13.53.  As such, this Court can consider the Terms of Use in adjudicating this motion under Fed.R.Civ.P. 12(b)(6).

(1) YEAR AFTER THE CAUSE OF ACTION ACCRUES. OTHERWISE, SUCH CAUSE OF ACTION IS PERMANENTLY BARRED.

*Id.,* ¶ 14. As stated, the Agreement contains an agreement regarding personal jurisdiction (California only), a choice of law provision (California law) and an exclusive forum selection clause. *Id.,* ¶ 14. Pursuant to these provisions, Ligeri agreed to adjudicate any dispute related to or arising under the Agreement in San Mateo County, California, where YouTube is headquartered. *Id.* This provision is a critical term of the Agreement, because hundreds of thousands of people utilize YouTube's website without charge, and the forum selection clause manages the costs of litigation and reduces the disruption to YouTube personnel that results from litigation over this free service. The Agreement has always included the provision mandating litigation in California, and thus the forum selection clause was in effect when Ligeri agreed to the Terms of Use by creating accounts and uploading videos. Kavanaugh Decl., ¶ 4.

### C. The YouTube Partner Program

YouTube maintains the YouTube Partner Program, which offers qualified account holders the potential for a share of ad revenue. Compl. ¶ 8.2. Users who wish to participate must apply for the program. *Id.,* ¶ 13.1. "Applications are reviewed for a variety of criteria, including but not limited to the size of [the user's] audience, country of residence, quality of content, and consistency with [YouTube's] Community Guidelines and Terms of Use." *Id.,* ¶ 13.11. The application process for the YouTube Partner Program webpage specifically reminds applicants that "all uploaded videos are subject to the YouTube Community Guidelines and Terms of Use," thus affirming the applicability of the Terms of Use to the voluntary users of YouTube. Kavanaugh Decl., ¶ 7, Ex. D.[3]

---

[3] The YouTube Partner Program webpage can also be found on YouTube's website, www.youtube.com/partners. Ligeri's Complaint discusses YouTube's website at length, including an entire section on the YouTube Partner

## D.     Procedural History

On July 22, 2008, Ligeri mailed a letter to Defendants attaching a copy of his complaint before filing it in a court of law. Berta Decl. ¶ 2, Ex. A. After receiving the copy, Defendants' outside counsel contacted Ligeri on August 6, 2008 and specifically informed Ligeri of the existence of the choice of law provisions and the applicable forum selection clause in YouTube's Terms of Use. *Id.* ¶ 3. Ligeri was informed that, pursuant to the Agreement, he was required to file his Complaint in California. *Id.* ¶ 4. Nevertheless, on the next day, August 7, 2008, Ligeri filed an unsigned copy of his complaint in the United States District Court for the District of Massachusetts. Doc. No. 1. Ligeri then submitted to this Court a signature page to the Complaint on August 26, 2008. On September 22, 2008, Google Inc. and YouTube LLC agreed to accept service of the Complaint and Ligeri agreed to an extension for those parties to respond to the Complaint by November 2, 2008. *Id.* ¶ 5, Ex. B.

## III.     ARGUMENT

Ligeri's action should be dismissed because he has not filed the action in the correct, contractually-mandated forum. Specifically, the express provisions of the Terms of Use to which Ligeri agreed require that any dispute stemming from his use of YouTube.com "be decided exclusively by a court of competent jurisdiction located in San Mateo County, California" Kavanaugh Decl., ¶ 4. That Court is either the United States District Court for the Northern District of California (28 U.S.C § 84(a)) or state court in California.[4] Because Ligeri did not file in the correct court, his Complaint is properly dismissed.

---

Program. Compl. ¶ 1.2, 3.1, 3.25, 13.1-13.60. As such, this Court can consider the website and the Partner Program webpage in adjudicating this motion under Fed.R.Civ.P. 12(b)(6).

[4] Ligeri's complaint fails to state any cause of action with exclusive federal jurisdiction. To successfully plead a claim, a plaintiff has an obligation to "provide the 'grounds' of [its] 'entitle[ment] to relief,'" which "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (citations omitted). Ligeri's statements about federal issues fall far short of pleading a federal claim under Twombly. For example, although

## A. The Remedy For Failure To Abide By A Forum Selection Clause Is Dismissal

If a forum selection clause mandates litigation in a different forum, the appropriate remedy in this Court is dismissal of the pending action. *See Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1st Cir. 2001) (in the First Circuit, "a motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)."); *Reder Enters., Inc. v. Loomis, Fargo & Co. Corp*, 490 F.Supp.2d 111, n.1 (D.Mass. 2007) ("[T]he First Circuit analyzes a motion to dismiss based upon a forum selection clause pursuant Rule 12(b)(6).").

Here, the Agreement into which Ligeri entered with YouTube expressly mandates that a dispute between the user and YouTube "that arises in whole or in part from the YouTube Website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County." Agreement ¶ 14. Furthermore, the Agreement clearly states that along with the privacy notice and other legal notices published on the website, the Agreement "shall constitute the entire agreement between you and YouTube concerning the YouTube Website." *Id.* Ligeri cannot seriously contend that the present dispute is not one that "arises in whole or in part from the YouTube Website." Agreement ¶ 14. Even a cursory reading of the Complaint refutes such a contention. His stated allegations, which appear to include claims of unpaid shares, unpaid wages, fraud, unjust enrichment, restitution, emotional distress, Can-Spam Act Violations, and breach of the implied covenant of good faith and fair dealing, all arise from Ligeri's decision to

---

Ligeri's complaint states that it is for "antitrust violations," Ligeri has failed to plead any antitrust claim, relevant market or antitrust injury for which Ligeri has standing for a Sherman Act § 2 claim. See, e.g., SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). Similarly, for a Section 1 claim, Twombly holds that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." Id. at 1965. No such facts are alleged here. Likewise, with respect to Ligeri's claim of CAN-SPAM violations under 15 U.S.C. § 7701 et seq., Ligeri has no standing to pursue any claim against Defendants, because he is not, and has not claimed to be, an Internet Service Provider. See id. at §7706(g).

"creat[e] content for YouTube.com, add[] said content to YouTube.com, and manag[e] his webpages on YouTube.com." Compl. ¶ 15.3(b). Thus the relationship between the parties is governed by the YouTube Terms of Use.

Further, the forum selection clause controls despite the fact that Ligeri has not expressly pleaded a breach of contract based on the Agreement itself. The contention that a complaint must contain such a claim in order for a forum selection clause to have force has been squarely rejected in case after case, where, as here, the claims in the suit directly arise from the agreement between the parties.[5] Within this district, courts have stated that forum selection clauses that govern "'any claim related to or arising from' the contract at issue – cover[] not only claims directly based on that contract but, as well, tort claims that [grow] out of the contractual relationship." *Reder Enters., Inc*, 490 F.Supp.2d at 116 *quoting Doe v. Seacamp Ass'n, Inc.* 276 F.Supp.2d 222, 227 (D.Mass 2003). Because Ligeri repeatedly agreed to the Terms of Use containing a forum selection clause that applies to any claim that "arises in whole or in part from the YouTube Website," the forum selection clause should be enforced against him in this case. *See Silva*, 239 F.3d at 387 (mandatory selection clauses are enforced unless they are unreasonable, unjust or invalid for fraud or overreaching).

## B.     The YouTube Forum Selection Clause Is Enforceable Against Ligeri

It is well settled that contractual forum selection clauses are valid and should be enforced unless a plaintiff shows that enforcement would be "unreasonable" under the circumstances. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (upholding validity of forum selection

---

[5] YouTube's Terms of Use are a contract. *See Register.com v. Verio, Inc.*, 356 F.3d 393, 403 (2nd Cir. 2004) ("While new commerce on the Internet has exposed courts to many new situations, it has not fundamentally changed the principles of contract." Thus, "when a benefit is offered subject to stated conditions, and the offeree makes a decision to take the benefit with knowledge of the terms of the offer, the taking constitutes an acceptance of the terms, which accordingly become binding on the offeree."); *see also Bowen v. YouTube, Inc.*, No. C08-505 OFDB, 2008 WL 1757578 at *2 (W.D.Wash. 2008) (as YouTube's Terms of Use are a contract, district court granted motion to dismiss based on the forum selection clause).

clauses in a form contract); *Silva*, 239 F.3d at 387. A plaintiff must make a "strong showing" to overcome the presumption of enforceability that attaches to forum selection clauses. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972); *Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics* 433 Mass. 122, 133 (Mass. 2000) (plaintiffs have a "substantial burden" of showing that the forum selection clause would deprive them of a fair trial); *D'Antuono v. CCH Computax Sys., Inc.*, 570 F.Supp. 708, 711 (D.R.I. 1983) (the plaintiff bears a "heavy burden of proof in his attempt to show" the forum selection clause is unreasonable). As explained by the Supreme Court in *M/S Bremen*, this standard requires that a plaintiff show that "trial in the contractual forum will be so gravely difficult and inconvenient that [plaintiff] ... will for all practical purposes be deprived of [its] day in Court." *M/S Bremen*, 407 U.S. at 18.

Ligeri cannot make any such showing. As an initial matter, users like Ligeri must actively and repeatedly agree to the Terms of Use when they create accounts and choose to upload content to YouTube. Ligeri stated in his Complaint that in addition to "Bennybaby," he had "numerous other accounts."[6] Compl. ¶ 13.38. Thus, Ligeri actively agreed to the Terms of Use, including the forum selection clause, several times. *See I.Lan Sys., Inc. v. Netscout Serv. Level Corp.*, 183 F.Supp.2d 328 (D.Mass. 2002) (district court held that clickwrap license agreement was enforceable because buyer was unable to use the product until he hit the "I Agree" button consenting to terms and conditions). In addition, an account holder is reminded of the Terms of Use each time he or she adds more content to the site. Before uploading a video, the website states, "By clicking 'Upload Video,' you are representing that this video does not violate YouTube's Terms of Use." YouTube.com. This reminder includes a link to the Terms of

---

[6] The Complaint also states that when Ligeri applied for the YouTube Partner Program, he "attached seven other accounts" for consideration, in addition to his primary account. Compl. ¶ 13.5.

Use. *See* Kavanaugh Decl. ¶ 6.[7] As Ligeri uploaded over a hundred videos to his accounts, he cannot now assert that he did not agree to the Terms of Use.[8] Compl. ¶ 3.7. Furthermore, Ligeri was expressly informed of the forum selection clause before he filed his lawsuit, so he has no argument that he did not know of or realize the import of the forum selection clause before he filed his complaint. Berta Decl., ¶4.

Furthermore, even if Ligeri did not specifically negotiate the forum selection clause while he repeatedly made use of YouTube pursuant to the Agreement, such a complaint is of no moment. The First Circuit has held that just because a forum selection clause is a "'boilerplate' provision does not *ipso facto* render it invalid." *Silva*, 239 F.3d at 389. In *Silva*, an employee brought suit against his employer, Encyclopedia Britannica, Inc. ("Britannica") for breach of contract. *Id.* at 386. The district court dismissed the claim based on a forum selection clause. On appeal, the employee argued that the forum selection clause was unenforceable because of Britannica's "overwhelming bargaining power and influence." *Id.* at 389. The First Circuit was not persuaded, holding, "these reasons fall short of meeting the required criteria for establishing 'fraud or overreaching,' nor do these reasons render the enforcement of the clause 'unreasonable and unjust.' " *Id.* (citations omitted). The court continued, "Britannica used its bargaining power to do nothing more than offer an appealing employment opportunity to appellant, and no evidence suggests that he was coerced into entering the agreement....As such, the enforcement of those terms is not unreasonable, and hence the case was properly dismissed." *Id.* Similarly, YouTube has done nothing more than offer internet users like Ligeri an appealing opportunity to share their videos online. Ligeri does not claim, and there is no evidence to suggest, that Ligeri was coerced into accepting the Terms of Use. To the contrary, Ligeri's Complaint specifically

---

[7] This language is also found on YouTube's website at www.youtube.com/my_videos_upload.

[8] Ligeri also received reminders of the Terms when he applied to the YouTube Partner Program, which he did at least twice. Compl. ¶ 13.1, 13.5, 13.8. *See* Kavanaugh Decl., ¶ 7; www.youtube.com/my_videos_upload.

mentions other websites he could have chosen to use, yet he opted to present his videos on YouTube.com. Compl. ¶ 9.4, 10.15. Thus, Ligeri should be held to the Agreement and its forum selection clause.

Moreover, the forum provision at issue locates venue where one of the two parties is located: YouTube's headquarters in San Mateo County, California. As such, the forum selection clause is not unfair or unreasonable. *See Carnival Cruise Lines*, 499 U.S. at 595 (finding forum selection clause fair where, *inter alia*, venue was chosen where one contracting party was located). Further, because California provides a readily available alternative forum for Ligeri's Complaint, Ligeri cannot show that he would somehow forfeit his day in Court, if he has stated any claims upon which relief may be granted. *See Cambridge Biotech*, 433 Mass. at 130-31, *quoting* Restatement (Third) of the Foreign Relations Law of the United States § 421 (1987) ("[A]ction brought contrary to selected forum will generally be dismissed 'unless the plaintiff shows that the chosen forum is no longer available or could not be expected to grant him a fair hearing.' ").

While perhaps less convenient for him than Massachusetts, litigation in the agreed-upon forum would not deprive Ligeri of his day in court. *See M/S Bremen*, 407 U.S. at 17-18 ("Whatever 'inconvenience' [plaintiff] would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."); *In re Mercurio*, 402 F.3d 62, 66 (1st Cir. 2005) ("[S]omething considerably more than the mere inconvenience of traveling to litigate in a different, even faraway jurisdiction is required to overcome a contractual agreement to do so.").

Indeed, even if Ligeri were to argue that it is a financial hardship for him to litigate in the agreed-upon forum, such a complaint would not trump Ligeri's agreement to the forum selection clause. *See Arrow Plumbing and Heating, Inc. v. N. Am. Mech. Servs. Corp.*, 810 F.Supp. 369 (D.R.I. 1993) ("the fact that a party is in bankruptcy is not sufficient to prevent enforcement of a contractual forum selection clause.")

Finally, courts across the country have dismissed or transferred actions where plaintiffs have violated YouTube (and Google) mandatory forum selection clauses by bringing suit outside of California. For example, in *Bowen v. YouTube*, YouTube moved to dismiss an action brought by pro se plaintiff Victoria Bowen. Based on the same forum selection clause at issue here, the Court dismissed the action. *Bowen v. YouTube, Inc.*, No. C08-505 OFDB 2008 WL 1757578 (W.D. Wash. 2008). Similarly, in *Person v. Google Inc.*, 456 F.Supp.2d 488 (S.D.N.Y. 2006), the Court transferred the complaint of pro se plaintiff Carl Person to the Northern District of California based on the forum selection clause in Google's AdWords agreement. *See also Digital Envoy, Inc. v. Google Inc.*, 319 F.Supp.2d 1377 (N.D. Ga. 2004) (motion to transfer granted based on forum selection clause); *Feldman v. Google Inc.*, 513 F.Supp.2d 229 (E.D. Penn. 2007) (transferring matter to the Northern District of California based on forum selection clause in Google's "clickwrap" online AdWords agreement). Because Ligeri had an appropriate forum available to him and was required to file in that forum by the YouTube Terms of Use to which he repeatedly acceded, this Court should dismiss his claims.

### C. Alternatively, This Matter Should Be Transferred To The Northern District Of California Under 28 U.S.C. § 1404(a)

Alternatively, Defendants request that, pursuant to 28 U.S.C. § 1404(a), this Court transfer Ligeri's Complaint to the United States District Court for the Northern District of California. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, where Google and YouTube have principal places of business in the Northern District of California, this action may have been brought in that forum. And, both justice and convenience militate in favor of transferring this action to that district, if Defendants' motion to dismiss is denied.

First, in *Home Prods. Int'l-N. Am., Inc. v. PeopleSoft USA*, 201 F.R.D. 42 (D.Mass. 2001), this Court recognized the importance of a forum selection clause when considering a motion to transfer. The Court stated, "The best guidance comes from *Stewart*, which directs district courts to weigh all of the factors identified in § 1404(a), giving careful consideration to a forum-selection clause where one is present." *Id.* at 48 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)). The Court noted that, "while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Id.* quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995).

In addition, the present Complaint illustrates why YouTube's Terms of Use contain a forum selection clause and why this case should proceed in California. Ligeri's Complaint does not appear to suggest that there would be any witnesses called in this matter aside from Google or YouTube employees. The forum of convenience for those witnesses is in California, as set forth by the Terms of Use. Where YouTube offers this free service to persons who choose to submit videos to YouTube, the forum selection clause serves the purpose of providing effective control over litigation costs and over the potential for frequent disruption of its employees' work due to litigation. The *quid pro quo*, if someone chooses to submit material to YouTube, is that litigation arising out of such submissions must be litigated where YouTube is located, in

California. This purpose and agreement is confirmed by the remainder of Paragraph 14 of the Terms of Use, which provide that personal jurisdiction over YouTube, by use of the YouTube website, "shall be deemed solely based in California." Agreement, ¶ 14. As noted by the court in *Person v. Google* when considering a similar Google forum selection clause, such a mandatory forum selection clause makes sense "in order to locate the myriad suits inevitably brought against such a sizable company in a single, convenient forum." 456 F.Supp.2d at 496. Here, where Ligeri has repeatedly agreed to the forum selection clause at issue in the course of making use of YouTube's services and where YouTube (and Google) have their principal places of business in California, the interests of justice are served by holding Ligeri to this bargain.

## IV. CONCLUSION

As Ligeri's Complaint clearly indicates that his supposed damages arise in whole or in part from his use of YouTube.com, and as the clause is not unfair, unreasonable or the product of fraud or overreaching, Defendants request that this Court enforce the forum selection clause in the Terms of Use and dismiss this case or, in the alternative, transfer it to the federal court having jurisdiction in San Mateo County, California, *i.e.*, the Northern District of California.

Respectfully submitted,

YouTube, LLC and Google Inc.,

By their attorneys,

/s/ James B. Conroy
James B. Conroy (BBO#096315)
Peter E. Gelhaar (BBO#188310)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

DATED: October 31, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008, a true copy of the above was filed electronically via this Court's CM-ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ James B. Conroy
James B. Conroy

Dated this 31st day of October, 2008.