UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

BENJAMIN LIGERI,

        Plaintiff

    v.

YOUTUBE, INC., *et al.*,

        Defendants.

Case No.: 08 CA 11394 DPW

**LEAVE TO FILE GRANTED
ON NOVEMBER 25, 2008**

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS OR TRANSFER

Although YouTube's website has changed over the years, the mandatory forum selection clause contained in YouTube's Terms of Use ( the "Agreement" or "Terms of Use") has not changed since the site's inception.[1] In addition, despite Plaintiff's speculation to the contrary, YouTube has required at all times relevant to this dispute that any person creating a YouTube account must agree to the Terms of Use in creating such an account.

The response papers of plaintiff Benjamin Ligeri ("Ligeri") suggest that at the time he created his YouTube accounts in 2006 and 2007, agreement to the Terms of Use was not required. *See* Ligeri Opposition ("Opp.") at 12. He demands that defendants "furnish proof of said agreement." *Id.* at 2. Defendants addressed this issue in their opening papers with the Declaration of Lance Kavanaugh which unequivocally states that "[t]he process for setting up a YouTube account (and thus being able to submit videos on YouTube) requires users to agree to the YouTube Terms of Use ('Terms of Use')." Kavanaugh Decl., ¶ 3. To put to rest, however,

---

[1] The forum selection clause mandates that any claim arising "in whole or in part from the YouTube Website shall be decided exclusively by a court of competent jurisdiction located in San Mateo County, California." *See* Motion to Dismiss at 3.

-1-

Dockets.Justia.com

any alleged ambiguity in this statement, Defendants respectfully submit this reply and a supplemental declaration from Mr. Kavanaugh. As stated in the Kavanaugh Reply Declaration, the YouTube account creation pages used at the time Plaintiff created his "Bennybaby" account in 2006 and his "ProfessorCarlton" account in 2007 both provided Plaintiff access to the Terms of Use in effect and expressly required agreement with those Terms of Use. *See* Kavanaugh Decl., ¶ 3, 4; Ex. A, B (both account creation pages required the express affirmation by the account creator that "I agree to the terms of use and privacy policy" and the Terms of Use are linked to the phrase "terms of use").[2]

Laymen and lawyers alike are held to their agreements, regardless of whether they allege they did not read the terms of those agreements. *See Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 21 n.17 (1st Cir. 1999); *Tiffany v. Sturbridge Camping Club Inc.*, 32 Mass.App.Ct. 173, 175 n.5 (Mass.App.Ct. 1992). Thus, while Ligeri argues about whether he read YouTube's Terms of Use and the included forum selection clause, this does not negate the fact that Ligeri entered into the Agreement for the creation of his accounts and reaffirmed that Agreement many times when he allegedly used these accounts to submit over one hundred videos to YouTube.

Nor, after using YouTube's freely offered service, and claiming, among other things, that his submission of videos to YouTube now entitles him to employment compensation, should Ligeri be able to decide that the YouTube Terms of Use are too onerous for him to be expected

---

[2] Ligeri cites his YouTube accounts at issue and the Terms of Use in his Complaint. *See* Compl. ¶ 3.8(a), 3.21, 13.53. In his Complaint, he also cites the YouTube Website and stated that he "opened a new YouTube account." Compl. ¶ 10.5, 1.2(a). As such, this Court can consider the Terms of Use and the account creation webpages on YouTube.com in adjudicating this motion under Fed.R.Civ.P. 12(b)(6). *See, e.g., Model v. Unum Life Ins. Co.*, 540 F. Supp. 2d 258, 261 (D. Mass. 2008) (in deciding a motion to dismiss, court may consider "documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.")

to comply with their requirements. There is nothing fundamentally unfair in requiring users of a free website to litigate their claims based on their use of the website in the forum in which the company operating the website is headquartered. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *see also Person v. Google Inc.*, 456 F.Supp.2d 488 (S.D.N.Y. 2006).

For the foregoing reasons and for the reasons set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss or Transfer, Ligeri's Complaint should be dismissed, or alternatively, transferred to the Northern District of California.


Respectfully submitted,

/s/  James Conroy
James Conroy (BBO# 096315)
DONNELLY CONROY & GELHAAR LLP
One Beacon Street, 33rd Floor
Boston, MA  02108
Tel:  (617) 720-2880
Fax:  (617) 720-3554


Dated:  November 25, 2008


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on November 25, 2008.

/s/  James Conroy
James Conroy