```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

**BENJAMIN LIGERI,**
     Plaintiff,

          v.                          CIVIL ACTION
                                      **08-11394-DPW**
**YOUTUBE, INC. ET AL,**
     Defendants.


### NOTICE OF INITIAL SCHEDULING CONFERENCE, ORDER FOR JOINT STATEMENT AND CERTIFICATIONS, AND ORDER FOR ELECTRONIC FILING

     Take Notice that an INITIAL SCHEDULING CONFERENCE will be held with Judge Woodlock in **Courtroom 1, on the 3rd Floor of the John Joseph Moakley United States Courthouse in Boston at** 2:00 p.m. on DECEMBER 30, 2008, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1.

     The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B),(C),and(D) of Local Rule 16.1[1] to be of the utmost importance.  In addition, the

---

[1] **These sections of Local Rule 16.1 provide:**

     **(B) Obligation of counsel to confer.**  Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than 21 days before the date for the scheduling conference for the purpose of:

     **(1) preparing an agenda of matters to be discussed at the scheduling conference,**

     **(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and**

     **(3) considering whether they will consent to trial by magistrate judge.**

     **(C) Settlement proposals.**  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

     **(D) Joint statement.**  Unless otherwise ordered by the judge, the parties are required to file, no later than  5  business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

     **(1) a joint discovery plan scheduling the time and length for all discovery events, that shall**

          **(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and**

          **(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and**

     **(2) a proposed schedule for the filing of motions; and**

     **(3) certifications signed by counsel and  by an authorized representative of each party affirming that each party and that party's counsel have conferred:**

          **(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and**

          **(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.**

     To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

attention of counsel is directed to the attached Standing Order for this session regarding Courtroom Opportunities for Relatively Inexperienced Attorneys, attached to this notice.

Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3.

By no later than 2 weeks after the conference, the parties shall comply with Local Rule 26.2(A) with respect to automatic disclosure. The parties are reminded that under Local Rule 26.2(A) no party may initiate any formal discovery unless that party has complied with the requirements of Local Rule 26.2 in its entirety.

**Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.**

The parties should be prepared to address any outstanding issues or motions at the scheduling conference.

## ORDER FOR ELECTRONIC FILING

1. Electronic Filings of Pleadings with this Court:

It is hereby ORDERED that, unless leave is granted, upon good cause shown, to file paper documents in lieu of electronic filing via this Court's CM/ECF system, **ALL** future submissions in this case must be electronically filed.  Such filings shall be made in accordance with, and subject to, the terms and conditions of electronic filing as set forth by this Court. All parties and counsel who choose to appear in this action must make arrangements to register for participation in electronic case filing, if they have not already done so.

2   Notices of Hearings, Rulings and Orders of this Court;

It is FURTHER ORDERED that Notices, Orders and Memoranda of the Court will only be filed and served electronically.  Once a party or counsel has registered for electronic filing, it is his/her responsibility to monitor his/her e-mail to ensure receipt of electronic notices.  Any changes in e-mail addresses must be reported to the Court immediately.

3. Help Information

Information and help on how to register for CM/ECF may be found at this Court's website, **www.mad.uscourts.gov**

By: **/s/ Jarrett Lovett**
Deputy Clerk

Date: 12/2/08

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**STANDING ORDER REGARDING COURTROOM OPPORTUNITIES
FOR RELATIVELY INEXPERIENCED ATTORNEYS**

Courtroom opportunities for relatively inexperienced attorneys, particularly those who practice at larger firms, have declined precipitously across the nation in recent years. That decline is due to a variety of factors, but has been exacerbated by the proliferation of rules and orders such as this Court's Notice of Initial Scheduling Conference requiring the appearance of "senior" or "lead" counsel in many court proceedings.

In an effort to counter this trend, this session, adopting the policy developed in the Central Division by Judge Saylor and Magistrate Judge Hillman, strongly encourages the participation of relatively inexperienced attorneys in all court proceedings. Such attorneys may handle not only relatively routine matters (such as scheduling conferences or discovery motions), but may also handle, where appropriate, more complex matters (such as motions for summary judgment or the examination of witnesses at trial). The following cautions, however, shall apply.

First, even relatively inexperienced attorneys will be held to the highest professional standards with regard to any matter as to which experience is largely irrelevant. In particular, all attorneys appearing in court are expected to be appropriately prepared, regardless of experience. For example, any attorney who is arguing a motion for summary judgment is expected to be thoroughly familiar with the factual record and the applicable law.

Second, all attorneys appearing in court should have a degree of authority commensurate with the proceeding that they are assigned to handle. For example, an attorney appearing at a scheduling conference ordinarily should have the authority to propose and agree to a discovery schedule and any other matters reasonably likely to arise at the conference.

Third, relatively inexperienced attorneys who participate in evidentiary hearings of substantial complexity, such as examining a witness at trial, should be accompanied and supervised by a more experienced attorney, unless leave of Court is granted to proceed otherwise.

Counsel are encouraged to seek additional guidance from the Court in particular cases concerning the scope or application of this policy.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

February 1, 2008