## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2009 JAN 12 P 3: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BENJAMIN LIGERI | \| |
| Plaintiff, | \| |
| v. | \|     NOTICE OF APPEAL |
| | \|     case # 1:2008cv11394 ‑Dpw |
| YOUTUBE, INC. GOOGLE, INC., et al | \| |

Notice is hereby given that BENJAMIN LIGERI, above named, hereby appeals from the decision of the UNITED STATES DISTRICT COURT for the DISTRICT OF MASSACHUSETTS entered in the above-entitled action, not made in open court*, but made after court and allegedly entered on December 30, 2008. The Plaintiff was notified of decision via regular mail in early January 2009.

The effect of Judge Woodlock's ruling (which dismissed the case) would dramatically alter all currently accepted tenets of contract law and contract deficiency. Judge Woodlock's ruling would seek to state that any large corporation operating on the web has to prove nothing in order to prove assent to a hidden web contract form that isn't even real. The Defendants did not allege assent, did not exhibit the contract in the way it was said to have been agreed to. And thus that is one of the preliminary issues before this appeals court: Whether a large company operating on the web has to follow any of the laws originally made with off-the-web commerce in mind. That is one issue, further issues could be illuminated in the appeal brief, when permission is granted to file it.

It should be highly noted that the Defendants motioned the court to dismiss the case (or more aptly, transfer the case, which acts a dismissal and which is why J. Woodlock dismissed the case because it was the same effect as a transferral) on the grounds that their exhibits proved assent. Plaintiff proved in open court, to the satisfaction of the presiding Judge Woodlock that the exhibits did not prove the assent alleged, YET Judge Woodlock still ruled in favor of the Defendants' then moot motion, which was made moot in open court.

*The reason the decision wasn't made in open court is simple. The Plaintiff handed out exhibits that mooted the Defendants' entire motion to dismiss/transfer, according to Judge Woodlock. However, a decision was tersely made at the end that diametrically opposed the findings of the open court. So the verdict's origin and basis was more than unclear. And had no basis in the discussion that was had in open court.

Dockets.Justia.com

Additionally, Plaintiff has not been entitled to the same fair notice that the Defendants are receiving from the Court. Because the attorneys and the court refuse to copy a "non-laywer" on the dockets of his case he is pro se in. Plaintiff has requested access to the electronic filing system, to at least be notified of the case and the rulings by electronic mail <u>as the Defendants are so notified.</u> This was refused by the EFT dep't which stated Plaintiff needed permission from the judge because he was a non-lawyer, when in fact he is counsel in his case, a common misnomer at the clerk level. This was on the agenda of matters and wasn't addressed. Plaintiff has left messages for both of Woodlock's clerks for EFT and received no response.


Date: January 9, 2009


Benjamin Zigeri, Plaintiff pro se

By the Court,


_____